IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


GEORGE M. RICHARDSON,

    Plaintiff,

v.                                    CASE NO. 4:08cv119-RH/WCS

CAPITAL HEALTH CARE, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This is a *qui tam* action that the relator filed without an attorney. A *qui tam* relator cannot proceed without an attorney, and the appropriate disposition when a relator attempts to do so is dismissal without prejudice. *See, e.g., Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *United States ex rel Brooks v. Martin*, 237 Fed. Appx. 802, 803 (4th Cir. 2007); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004); *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951). This restriction derives from the rule that although a lay person may represent himself or herself in court, that privilege does not extend to the representation of others. In a *qui tam* action, the government is the real party in

interest.  A relator acting *pro se* may not represent the government.  *See Timson*, 518 F.3d at 873-74.

Because of this principle, the magistrate judge ordered the relator either to file a notice of voluntary dismissal or to cause an attorney to appear.  When the relator failed to do either, the magistrate judge entered a report and recommendation concluding that the action should be dismissed.  The relator has filed no objections.

Dismissal plainly is appropriate.  The only issue is whether notice should first be given to the government based on the statutory provision that a *qui tam* action "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."  31 U.S.C. § 3730(b)(1).

The Second Circuit has held that this provision applies only when the plaintiff seeks voluntary dismissal, not when the court orders dismissal.  *See Minotti v. Lensink*, 895 F.2d 100, 103-04 (2d Cir. 1990).  Other circuits have agreed.  *See United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 344 (6th Cir. 2000) (following *Minotti*); *United States ex rel. Shaver v. Lucas Western Corp.*, 237 F.3d 932, 934 (8th Cir. 2001) (same).  This conclusion draws support from separation-of-powers principles.  *See Searcy v. Philips Elecs. N. Am. Corp.*, 117 F.3d 154, 158 (5th Cir. 1997).  I follow these cases and conclude that notice to

the government is not required prior to dismissal of this action.

To be sure, in *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 19 (D.D.C. 2003), a district court declined to dismiss a *pro se* relator's *qui tam* case until the government consented. There, however, the court had already given the government the opportunity to intervene (which it did not do) *before* the defendant moved to dismiss on the grounds that the relator was *pro se*. Once notified of a *qui tam* case, the government obtains certain procedural rights, even if it does not intervene.

The case at bar is unlike *Rockefeller*, because here the dismissal comes at the very outset, prior to any notice to the government that the action is pending at all. And even if *Rockefeller* could be read to require notice to the government prior to any dismissal at all, I would follow the circuit decisions cited above, not *Rockefeller*. Dismissal of this action will leave the government no worse off than it would have been had the relator not filed this action at all—as he should not have done without an attorney.

For these reasons,

IT IS ORDERED:

The report and recommendation (document 5) is ACCEPTED. The clerk must enter judgment stating, "This action is DISMISSED without prejudice." The

clerk must close the file.

    SO ORDERED on August 9, 2008.

                                                  s/Robert L. Hinkle  
                                                Chief United States District Judge